# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. LAURIE LEANN SCHWARTZ, Defendant. | No. 06mj95 **DETENTION ORDER** |

This matter came on for detention hearing on March 28, 2006. Assistant U.S. Attorney Robert A. Knief appeared on behalf of the plaintiff (the "Government"). The defendant Laurie Leann Schwartz appeared in person with her attorney, Douglas Roehrich. The Government offered the testimony of Task Force Officer Elbert Andress.

The court must determine whether any condition or combination of conditions will reasonably assure Schwartz's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Schwartz as required and the safety of the community if the court finds there is probable cause to believe Schwartz committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. This presumption is subject to rebuttal by Schwartz. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk of flight and

danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the evidence indicates Schwartz was involved in receiving monies for two drug transactions involving sizable quantities of methamphetamine. She then was found in a vehicle in which a large quantity of high-purity methamphetamine was located. The court finds it significant that the offenses alleged in the current criminal complaint took place while Schwartz was out on bond from an August 2005 drug charge. It further appears one of the conditions of her bond was that she remain in Omaha, Nebraska, and she was arrested on the current charges in the State of Iowa, on her way to Sioux Falls, South Dakota.

In addition, Schwartz has failed to offer any evidence to rebut the presumption that she would be a danger to the community. The presumption arises from the charge itself – a serious drug charge involving the possession with intent to distribute a significant quantity of methamphetamine. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985). Viewing the record as a whole, the court finds nothing to indicate Schwartz would be able to refrain from continuing to engage in criminal activities if she were released.

The court notes Schwartz has significant ties to the community, parental support, and work history, all of which negates the presumption that she is a flight risk.

Accordingly, the court finds the Government has not proved by a preponderance of the evidence that Schwartz is a flight risk, but has proved by clear and convincing evidence that Schwartz would be a danger to the community if released. Therefore, the court finds the following:

1. Schwartz is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Schwartz reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Schwartz to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Schwartz must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 28th day of March, 2006.

_____
PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT